IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| PHILLIP B. KRIEGE, | CIVIL No. 16-00324 DKW-KJM |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE DEFENDANTS STATE OF HAWAII CONSUMER PROTECTION DIVISION, MARK S. KAWATA AND IRON HORSE TOWING FOR LACK OF SERVICE |
| vs. | |
| STATE OF HAWAIʻI CONSUMER PROTECTION DIVISION; MARK S. KAWATA; GREG N. MORIMOTO; MICHAEL A. NUSS; IRON HORSE TOWING; BRENDA ORTEZ PARKS; HARLEY PARKS; DOES 1-10 | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DISMISS
WITHOUT PREJUDICE DEFENDANTS STATE OF HAWAIʻI
CONSUMER PROTECTION DIVISION, MARK S. KAWATA
AND IRON HORSE TOWING FOR LACK OF SERVICE

BACKGROUND

Plaintiff Phillip B. Kriege, pro se, initiated this action on June 17, 2016 against seven defendants: State of Hawaiʻi Consumer Protection Division ("State of Hawaii"), Mark S. Kawata ("Kawata"), Greg N. Morimoto ("Morimoto"), Michael A. Nuss ("Nuss"), Iron Horse Towing ("Iron Horse"), Brenda Ortez Parks ("Brenda Parks") and Harley Parks ("Harley Parks"). ECF No. 1.

1

On September 15, 2016, in lieu of holding the Rule 16 Scheduling Conference, the Court held a status conference regarding the sufficiency of service. ECF No. 15. The Court *sua sponte* extended Plaintiff's deadline to serve the Complaint until November 15, 2016. *Id.*

On December 12, 2016, the Court held a further status conference regarding the sufficiency of service. Plaintiff maintained that he had properly served the Complaint and directed the Court to the certificates of service he had filed. ECF Nos. 8, 9, 19. Plaintiff also asserted that it is the Court's duty to prepare and serve summonses upon each Defendant.

On December 16, 2016, the Court issued an Order to Show Cause, requiring Plaintiff to show cause in writing, by January 15, 2017, why this action should not be dismissed without prejudice pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 4(m). ECF No. 30. The Court noted that the certificates of service Plaintiff filed did not indicate what document(s) Plaintiff had served or exactly whom Plaintiff had served, and therefore, were insufficient to establish proper service. *Id.*

Thereafter, on January 13, 2017, Plaintiff filed four proofs of service representing service on defendants Morimoto (ECF No. 37), Brenda Parks (ECF No. 38), Nuss (ECF No. 39), and Harley Parks (ECF No. 40). Plaintiff did not, however, file proofs of service indicating service on the remaining three

2

defendants: State of Hawai'i, Kawata, or Iron Horse (collectively, the "Unserved Defendants").

The State of Hawai'i, Morimoto, and Nuss have appeared in this action, but dispute proper service. ECF Nos. 14, 41. On February 21, 2017, these defendants filed a Motion to Dismiss ("Motion to Dismiss") arguing that "Plaintiff has failed to properly and timely serve" them. ECF No. 41-1 at 278. The Motion to Dismiss, which does not address the January 13, 2017 proofs of service for Morimoto (ECF No. 37) or Nuss (ECF No. 39), is set for hearing on June 30, 2017.

On April 7, 2017, this Court issued a Further Order to Show Cause Regarding Service ("OSC") because Plaintiff had not established service upon the Unserved Defendants. ECF No. 49. The OSC directed Plaintiff to show cause in writing, by May 5, 2017, why this action should not be dismissed without prejudice pursuant to FRCP Rule 4(m) as to the Unserved Defendants. *Id.*

Plaintiff has filed two submissions since the OSC. On April 17, 2017, Plaintiff filed a document entitled Objections to Proposed Testimony Motion in Limine F.R.C.P. 16.9 ("Objections to Testimony"). ECF No. 52. Attached to the Objections to Testimony are proofs of service for Morimoto (ECF No. 52-5), Nuss (ECF No. 52-6), Harley Parks (ECF No. 52-7), and Brenda Parks (ECF No. 52-8). The Objections to Testimony does not, however, respond to the OSC or otherwise establish service upon the Unserved Defendants. *Id.*

3

On May 2, 2017, Plaintiff filed a document entitled Response to Courts Further Order to Show Cause Rega[]rding Service ("OSC Response"). ECF No. 56. The OSC Response appears to argue that Plaintiff has properly served all Defendants, or alternatively that he does not have to serve all Defendants. *Id.* The OSC Response, however, fails to establish service upon the Unserved Defendants. *Id.*

## DISCUSSION

As this Court has repeatedly advised Plaintiff, he must serve a proper summons and complaint on each named defendant for the Court to have jurisdiction over that defendant. *See e.g.* ECF No. 49 at 3 (citing Fed. R. Civ. P. 4; *Travelers Cas. & Sur. Co. of Am.v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.")). Notwithstanding multiple extensions of time to permit service, status conferences to discuss service, and orders to show cause why the Unserved Defendants should not be dismissed for lack of service, Plaintiff has still not established that he has properly served the Unserved Defendants.

It is within the inherent power of the court to *sua sponte* dismiss a case for lack of prosecution. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); s*ee also Pagano v. OneWest Bank, F.S.B.*, CV 11-00192 DAE-RLP, 2012 WL 74034, at *6

(D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).

The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). For the reasons below, the Court finds that dismissal of the claims against the Unserved Defendants is appropriate given Plaintiff's failure to prosecute and failure to comply with this Court's December 16, 2016, and April 7, 2017 orders to show cause.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending for nearly a year, and Plaintiff has failed to perfect service on the Unserved Defendants. Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action has interfered with the Court's ability to

manage its docket.  Despite many opportunities to do so, Plaintiff fails to provide any reasoning as to why he is unable to properly serve the Unserved Defendants.

Third, the risk of prejudice to the Unserved Defendants weighs heavily in favor of dismissal.  Plaintiff's inaction has impaired Defendant's ability to proceed to trial and threatens to interfere with the resolution of this case.  *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).  Fourth, less drastic sanctions are not appropriate.  The Court has issued two orders to show cause, yet Plaintiff has not been able to articulate why he has not served the Unserved Defendants to date.  The Court finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that such action would not compel him to take the necessary steps to prosecute this action.  Finally, although public policy generally favors disposition on the merits, because four of the factors weigh in favor of dismissal, the Court concludes that dismissal of this action is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute his case and has failed to comply with this Court's orders to show cause, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice.  The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, these factors do not weigh "strongly" in favor of dismissal.  *See In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D.

Hawaiʻi Oct. 13, 2015), *affʼd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court FINDS that dismissal is appropriate, this Court RECOMMENDS that the district court dismiss the claims against the State of Hawaiʻi Consumer Protection Division, Mark Kawata, and Iron Horse Towing without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaiʻi, June 2, 2017.



  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CV 16-00324 DKW-KJM; *Phillip B. Kriege v. State of Hawaiʻi Consumer Protection Division, et al.*; Findings and Recommendation to Dismiss Without Prejudice Defendants State of Hawaiʻi Consumer Protection Division, Mark S. Kawata and Iron Horse Towing for Lack of Service.