IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PHILLIP B. KRIEGE,<br><br>Plaintiff,<br><br>vs.<br><br>GREGG MORIMOTO; MICHAEL A. NUSS; BRENDA ORTEZ PARKS; and HARLEY PARKS,<br><br>Defendants. | CIVIL NO. 16-00324 DKW-KJM<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

## **INTRODUCTION**

Plaintiff Phillip B. Kriege, proceeding pro se, filed a Complaint on June 17, 2016 against the State of Hawaii Consumer Protection Division ("State"), Gregg Morimoto, Michael A. Nuss, Mark S. Kawata, Iron Horse Towing ("Iron Horse"), Brenda Ortez Parks ("Brenda Parks"), and Harley Parks ("Harley Parks") alleging violations of his federal civil rights. As best the Court can discern, Kriege asserts that Iron Horse, Brenda Parks, and Harley Parks wrongfully impounded and/or seized his dump truck and that the State, Kawata, Morimoto, and Nuss failed to investigate and/or concealed the wrongful conduct.

Morimoto and Nuss, employees of the State, seek dismissal of the Complaint for lack of service, following several extensions of time, and attempts by the Court

to provide guidance to Kriege regarding his service obligations.[1] At the June 30, 2017 hearing on the Motion to Dismiss, Morimoto acknowledged having received personal service of the summons and Complaint—albeit untimely. Nuss, however, has yet to be served. In light of Morimoto's acknowledgment of service, and Kriege's January 13, 2017 proofs of service filed with the Court and other efforts to serve Nuss, the Court denies the Motion and grants Kriege a short extension of time in which to serve Nuss in accordance with Federal Rule of Civil Procedure 4. The Court cautions Kriege that failure to properly serve Nuss and file a proof of service with the Court by **July 13, 2017** will result, without further notice, in the dismissal of Nuss without prejudice.

## BACKGROUND

I. **Procedural Background**

Kriege filed his Complaint on June 17, 2016. Dkt. No. 1. On July 13, 2016, he filed a certificate of service representing that each of the defendants had been "personally served" with a copy of the Complaint, but which, nonetheless, did not comply with the service requirements of Rule 4. Dkt. No. 9. The State, Morimoto,

---

[1] On June 22, 2017, the Court dismissed without prejudice the State, Kawata, and Iron Horse for lack of service. *See* Order Adopting the Findings and Recommendation to Dismiss Without Prejudice Defendants State of Hawaii Consumer Protection Division, Mark S. Kawata and Iron Horse Towing for Lack of Service, Dkt. No. 58.

and Nuss filed a Scheduling Conference Statement on September 14, 2016, in which they identified the service defects and therefore disputed jurisdiction. Dkt. No. 14.

On September 15, 2016, the Magistrate Judge held a status conference to address the sufficiency of service in lieu of holding the Rule 16 Scheduling Conference. Dkt. No. 15 (9/15/16 Court Minutes). At the status conference, the Magistrate Judge extended the deadline to serve the Complaint until November 15, 2016. *Id.* On September 29, 2016, Kriege filed a document entitled "Summons and Request to Shorten Time," which sought to advance the Rule 16 Scheduling Conference to October 15, 2016, but did not evidence a renewed attempt at proper service. Dkt. No. 18. The Magistrate Judge denied that request in light of the previous continuance of the Rule 16 Scheduling Conference to allow time for all parties to be served and to appear. Dkt. No. 23 (10/12/16 Court Minutes).

On December 12, 2016, the Magistrate Judge held a further status conference regarding the sufficiency of service in lieu of a Rule 16 Scheduling Conference, Dkt. No. 29 (12/12/16 Court Minutes), during which Kriege maintained that he had properly served the Complaint and directed the Court to the certificates of service he had previously filed. *See, e.g.,* Dkt. Nos. 8, 9, 19 (Certificates of Service). Kriege also contended that it was the *Court*'s duty to prepare and serve summonses upon each defendant. *See* Dkt. No. 30 (12/16/16 OSC).

On December 16, 2016, the Magistrate Judge issued the first Order to Show Cause, requiring Kriege to address in writing by January 15, 2017 why this action should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Dkt. No. 30. The Magistrate Judge advised Kriege that the certificates of service he filed did not indicate what documents Kriege had served or exactly whom he had served, and therefore, were insufficient to establish proper service. *Id*.

On January 13, 2017, Kriege filed with the Court four proofs of service with respect to Morimoto (Dkt. No. 37), Nuss (Dkt. No. 39), Brenda Parks (Dkt. No. 38), and Harley Parks (Dkt. No. 40). Those proofs of service appear to reflect personal service of the court-issued summons upon Morimoto on January 11, 2017, and attempted service on Nuss by serving the summons upon Morimoto as a person "designated by law to accept service of process" on Nuss's behalf. *See* Dkt. Nos. 37 and 39. On February 21, 2017, the State, Morimoto, and Nuss filed the instant Motion, which does not address the January 13, 2017 proofs of service. Dkt. No. 41.

## II. Further Order To Show Cause And Dismissal Of Unserved Defendants

On April 7, 2017, the Magistrate Judge issued a Further Order to Show Cause Regarding Service ("OSC") because Kriege made no attempt to establish service upon the State, Kawata, or Iron Horse. *See* Dkt. No. 49. The OSC directed Kriege

4

to address in writing by May 5, 2017 why this action should not be dismissed without prejudice pursuant to Rule 4(m) as to these unserved defendants.

On April 17, 2017, Kriege filed a document entitled Objections to Proposed Testimony Motion in Limine F.R.C.P. 16.9 ("Objections"). Dkt No. 52. Attached to the Objections are the proofs of service for Morimoto, Nuss, Harley Parks, and Brenda Parks from January 2017. Kriege also argued therein that defendants "have been served by Personal Service on 3 Three separate occasions." Dkt. No. 52 at 3.

On May 2, 2017, Kriege filed his Response to the OSC, which also appears to respond to the instant Motion. Dkt. No. 56. In his Response to the OSC, he maintains that at the September 16, 2016 status conference, the Magistrate Judge ordered *defendants* to comply with all service requirements. Dkt. No. 56-1 at 2, 4. According to Kriege, he fulfilled his service obligations with respect to Morimoto and Nuss after they declined to waive service by mail, *id.* at 3, and that the Declarations of Morimoto and Nuss in support of the instant Motion are false. *Id.* at 4.

On June 2, 2017, the Magistrate Judge issued a Findings and Recommendation ("F&R") to dismiss without prejudice the State, Kawata, and Iron Horse for lack of service. Dkt. No. 57. The Magistrate Judge found that neither the Objections nor the Response to the OSC established proper service upon the unserved defendants, despite Kriege's alternative assertions that he served all

5

defendants and/or is not obligated to serve defendants. F&R at 3-4. In light of the record before him, the Magistrate Judge recommended dismissing the unserved defendants based on Kriege's failure to prosecute and failure to comply with the court's December 16, 2016 and April 7, 2017 Orders to Show Cause. F&R at 5-7. Kriege did not object to the F&R, and the Court adopted it on June 22, 2017. Dkt. No. 58.

### III. Motion To Dismiss

Moving defendants Morimoto and Nuss seek dismissal for lack of timely and effective service under Rule 4. Dkt. No. 41. They note that on September 26, 2016, Ivar "Joe" Franklin Kaipo handed each of them a closed manila envelope containing numerous documents, none of which was the Complaint or court-issued summons. Declaration of Gregg Morimoto ¶ 3; Declaration of Michael Nuss ¶ 3. Instead, Kaipo provided them with a copy of a summons that Kriege drafted and a Request to Shorten Time to the Rule 16 Scheduling Conference, Dkt. No. 18, filed with the Court on September 29, 2016. Morimoto Decl. ¶¶ 4-5; Nuss Decl. ¶¶ 4-5. According to Morimoto and Nuss, as of November 15, 2016, neither had been personally served with a proper summons and Complaint in this lawsuit, as required by Rule 4 and the Magistrate Judge's extension of time. Morimoto Decl. ¶¶ 6-8; Nuss Decl. ¶¶ 6-8. The Motion, however, does not address the proofs of service filed by Kriege on January 13, 2017.

6

Kriege disputes the veracity of moving defendants' Declarations, as well as his obligation to further serve any party.

## DISCUSSION

### I. Legal Standard

A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rule of Civil Procedure 4. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). While Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint, *United Food & Commercial Workers Union, Local 197 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (internal quotation and citation omitted). Proof of service of process must be provided to the Court by the server's affidavit, unless service is waived. Fed. R. Civ. P. 4(l); *see also Paige v. Pulse Beverage Corp.*, 2017 WL 239327, at *7 (D. Haw. Jan. 19, 2017).

Where a defendant alleges that the plaintiff has not complied with the requirements to effect service of process, the plaintiff has the burden of proving that service was made in accordance with the applicable rules of civil procedure. *See Taniguchi v. Native Hawaiian Office of Atty. Gen.*, 2009 WL 1404731, at *2 (D.

Haw. May 15, 2009); *see also* Federal Practice & Procedure § 1353 ("The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity."). If the service of process is found to be insufficient, the Court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant. *Song v. KBOS, Inc.*, 2015 WL 5162556, at *2 (D. Haw. Aug. 31, 2015) (citations omitted). A court may weigh the evidence and resolve disputed issues of fact in accordance with Rule 12(d). *McCormack v. City & Cty. of Honolulu*, 2011 WL 6934710, at *3 (D. Haw. Dec. 30, 2011) (citations omitted).

Under Rule 4(e), the following methods of service are permissible for individual defendants such as Morimoto and Nuss—

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;[2] or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;

---

[2]Hawaii Rule of Civil Procedure 4 mandates service of an individual in precisely the same manner as Federal Rule of Civil Procedure 4(e)(2). *See* Haw. R. Civ. P. 4(d).

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The time for serving the summons and Complaint is set forth in Rule 4(m)—

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

"Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citations omitted). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id*. The plaintiff bears the burden of showing good cause. *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D. Haw. Aug. 18, 2011) (citing Fed. R. Civ. P. 4(m)).

## II. Defendants' Motion To Dismiss Is Denied

Because Morimoto was personally served with the summons and Complaint on January 11, 2017, the service—albeit untimely—otherwise substantially

complied with Rule 4. Nuss, on the other hand, has not yet been served with the summons or Complaint. Based on the totality of the record, the Court, in its discretion, extends the time for service, rather than dismissing moving defendants from the case without prejudice.

### A. Although Untimely, Morimoto Was Actually Served

At the June 30, 2017 hearing on the Motion, counsel for moving defendants candidly acknowledged that Morimoto was personally served with the Complaint and summons on January 11, 2017, as reflected in the proof of service filed with the Court on January 13, 2017. *See* Dkt. No. 37. Although service was untimely under both Rule 4(m) and the November 15, 2016 extension granted by the Magistrate Judge, the Court finds that Morimoto was actually served with the Complaint and summons, as required by Rule 4, and has actual notice of the allegations made against him. In its discretion, the Court extends the period for service upon consideration of the relevant factors, including Morimoto's actual notice of the lawsuit from at least the time of filing his Scheduling Conference Statement in September 2017, the length of delay in proper service, prejudice to the parties, and eventual service in January 2017. *See Procopio v. Conrad Prebys Trust*, 2015 WL 4662407, at *6 (S.D. Cal. Aug. 6, 2015) ("In exercising this discretion, courts may consider factors such as the length of delay in proper service,

the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service.").

Having extended the time for service to include the personal service he received on January 11, 2017, the Court denies Morimoto's request for dismissal.

### B. Kriege Is Granted A Brief Extension Of Time To Serve Nuss

The Court turns to Nuss, the remaining moving defendant who has yet to be served. Although Kriege has not properly served the summons and Complaint, as required by Rule 4, the Court declines to dismiss Nuss from the case at this time.

The record shows that Kriege unsuccessfully attempted to obtain a waiver of service from defendants, and thereafter, believing he had adequately served Nuss via personal service on Morimoto, filed the proof of service with the Court on January 13, 2017. Dkt. No. 39. That proof, however, fails to comply with Rule 4(e)(2)(C), which only allows for service on an agent who is "authorized by appointment or by law to receive service of process." Rule 4 requires that the purported agent have actual authority for service to be adequate. *U.S. Commodity Futures Trading Comm'n v. Paron Capital Mgmt., LLC*, 2012 WL 1156396 (N.D. Cal. Apr. 6, 2012) ("[E]ven if a person states that he or she is authorized to accept service, that is not proof that the person actually has the authority to do so."). Nowhere does the record establish that Morimoto was authorized to accept service for Nuss. Kriege has not met his burden of establishing that service on Nuss was valid. *Brockmeyer*

11

*v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (Once the adequacy of service is challenged, the plaintiff bears the burden of establishing that service was valid.).

Because Nuss, unlike Morimoto, has not yet been served, the Court must determine whether to further extend the time to allow Kriege to attempt to serve Nuss. The Court engages in a two-step analysis in deciding whether to extend the prescribed time period for service of a complaint under Rule 4(m). *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m)). "First, upon a showing of good cause for the defective service, the court must extend the time period." *In re Sheehan*, 253 F.3d at 512. The Ninth Circuit has recognized that, "'[a]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

"Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d at 512; *see also Joe Hand Promotions, Inc. v. McInnis*, 2010 WL 3366413, at *1 (N.D. Cal. Aug. 25, 2010) ("Absent good cause, district courts have broad, though not unlimited, discretion to extend time for service.") (citing *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)).

> There is no specific test that a court must apply in exercising its discretion. *Id*. Prejudice to either party is one factor that a court may consider, including statute of limitations issues. *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess? Inc.*, 366 F.3d 767, 773 (9th Cir. 2004) (determining that district court should have

> considered prejudice both to defendant and plaintiff when exercising discretion to dismiss). Courts may also look at whether a plaintiff has substantially complied with the service requirements of Rule 4(m). *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995) (even without good cause, one-day delay in service is sufficient to demonstrate substantial compliance and dismissal was improper).

*Kyung Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1198 (N.D. Cal. 2012).

Although Kriege has not demonstrated good cause or excusable neglect, particularly given the history of the Magistrate Judge explaining to Kriege in person a plaintiff's service obligations, the Court exercises its discretion to grant one final extension of the time for service. As noted, Nuss and the other State defendants have actual notice of the lawsuit, and have had such notice since at least September 2016. *See* Dkt. No. 14 (State Defs.' 9/13/16 Scheduling Conf. Statement); Morimoto Decl. ¶¶ 3-5; Nuss Decl. ¶¶ 3-5. Indeed, Nuss claims no prejudice from the delay. *See generally* Mem. In Supp., Dkt. No. 41-1. The record demonstrates that although Kriege, proceeding pro se, has unsuccessfully attempted service on Nuss, Morimoto now acknowledges proper service. Because Kriege asserts the same claims against Nuss and Morimoto, adjudicating the claims together will likely promote judicial efficiency such that an extension of time to serve Nuss will best serve the interests of the "just, speedy and efficient disposition" of the claims. *See Full Circle Sales, Inc. v. Organic Alliance, Inc.*, 2010 WL 3324707, at *1 (N.D. Cal. Aug. 20, 2010) (granting extension of time for service when one defendant had

actual notice and settlement discussions were ongoing). Moreover, Kriege evidently believed that his January 2017 service attempts complied with the Magistrate Judge's prior instructions. Because the instant Motion—including the Morimoto and Nuss declarations—filed a month later in February 2017, did not address those service attempts, there was nothing in the record until now explaining why Kriege's January 2017 efforts were not sufficient.

Accordingly, the Court DENIES Defendants' Motion to Dismiss for insufficient service of process and hereby ORDERS Kriege to file with the Court proof of service on Nuss of the court-issued Summons and Complaint, in accordance with Rule 4, by no later than **July 13, 2017**. No further extensions will be granted.

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied. The Court grants Kriege one final extension of time in which to serve Nuss. The Court cautions Kriege that failure to properly serve Nuss and file proof of that service with the Court by **July 13, 2017** will result in Nuss's dismissal without prejudice, without further notice.

IT IS SO ORDERED.

DATED: July 3, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge