IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PHILLIP B. KRIEGE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII CONSUMER PROTECTION DIVISION, *et al.*,<br><br>Defendants. | CIVIL NO. 16-00324 DKW-KJM<br><br>**ORDER GRANTING DEFENDANT GREGG N. MORIMOTO'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND** |

## **INTRODUCTION**

Plaintiff Phillip B. Kriege, proceeding pro se, initiated this case on June 17, 2016 against the State of Hawaii Consumer Protection Division ("State") and its employees Gregg N. Morimoto, Michael A. Nuss, and Mark S. Kawata, as well as Iron Horse Towing and its principals Brenda Ortez Parks and Harley Parks ("Iron Horse Defendants"), alleging violations of his federal civil rights, fraud, and breach of the "duty of protection." As best the Court can discern, Kriege asserts that the Iron Horse Defendants wrongfully impounded and took title to his dump truck and that the State, Kawata, Morimoto, and Nuss failed to investigate and/or concealed the wrongful conduct, in concert with the Iron Horse Defendants and other unnamed

parties. Morimoto seeks dismissal of all claims against him.[1] Because Kriege fails to allege plausible claims for relief for violations of his federal civil rights or to satisfy the heightened pleading requirement applicable to his fraud-based claims, Morimoto's Motion is GRANTED. Because amendment of the claims may be possible, Kriege is permitted limited leave to amend, with specific instructions below.

## BACKGROUND

### I. Factual Background

On June 17, 2016, Kriege filed his Complaint, Dkt. No. 1, a Notice of Intent to File Action, Dkt. No. 2, and an Affidavit in support of the Complaint, Dkt. No. 3, which included numerous exhibits. Liberally construed, these initiating documents allege that Iron Horse improperly towed, repaired, stored, and eventually took possession and/or title to Kriege's dump truck, which Kriege values at $80,000.00. In response to Kriege's complaint against Iron Horse, the State's Regulated Industries Complaints Office investigators Morimoto, Nuss, and/or Kawata, found no violation of law by Iron House, and accordingly, closed its case. Kriege alleges that the State, its employees, and the Iron Horse Defendants, together with unnamed parties, committed fraud and conspired to deprive him of his federal civil rights

---

[1] The Court previously dismissed without prejudice the State, Kawata, Iron Horse (Dkt. Nos. 57 and 58), and Nuss (Dkt. No. 63) for failure to serve the Summons and Complaint. Neither Brenda Ortez Parks nor Harley Parks have appeared in this matter.

under color of law, in violation of 42 U.S.C. §§ 1981, 1983, and 1985.  *See generally* Compl. at 1–2.  He further alleges that the Iron Horse Defendants committed fraudulent and deceptive business practices.  Compl. at 11.

With respect to Morimoto, the Complaint alleges that he "knowingly file[d] with a supervisor or Public Official a false, untruthful and misleading report[] and determination of findings of fact and conclusion of law that did deprive [Kriege] of his lawfully owned vehicle[,] [and] knowingly [did so] to collude and conspire with Iron Horse Towing to protect them."  Compl. at 7.  Morimoto thereby breached a "duty to protect" Kriege from Iron Horse's improper storage and possession of the subject dump truck.  Iron Horse did not produce a "binding legal contract," and Morimoto "was informed of [Iron Horse's] fraud of disclosure in contract . . . [yet] Morimoto failed to protect."  Compl. at 16.  Kriege concludes, with no additional factual support, "[t]hus, [there was a] total failure to protect and [Morimoto] knowingly filed as truthful fact and deceptive wholly flawed legal determinations and findings."  Compl. at 17.

The Notice of Intent, filed concurrently with the Complaint, includes some factual details regarding the basis for his grievances against the Iron Horse Defendants, which presumably prompted the filing of his complaint with the State agency.  Kriege indicates that "Harley Parks fabricated all the towing and storage fees. . . .  There are no actual tow fees described or billed on this document.

3

Therefore, the whole tow and the gaining of possession and storage fees are based on contracted or uncontracted repairs they lawfully 'could not' engage in or perform. And [the State] Consumer Protection investigators concealed these facts." Notice of Intent at 3. According to Kriege, Morimoto and other investigators breached their "duty to regulate industry," and "held predisposed extreme biased opinions and indifference enough so as to conspire secretly and feloniously with [Iron Horse Defendants] to embezzle by Fraud, Deceit, and Deception to steal [Kriege's] lawfully, legally owned Truck." Notice of Intent at 4. Defendants allegedly conspired and colluded with "prior defendants," including various state court judges, due to "indifference and racism." Notice of Intent at 10.

Finally, Kriege's Affidavit includes similar allegations against the State investigators, including statements that their "findings and determinations are not factual, have numerous misleading and unfactual statements, as well [as] indicate 'actual knowledge' of past litigation." Aff. in Supp. of Compl. ¶ 13. Without further elaboration or factual support, Kriege asserts that "the above named defendants have been paid off. . . . [Iron Horse Defendants] paid for protection to [the State] investigators." Aff. in Supp. of Compl. ¶¶ 17–18.

## II. **Morimoto's Motion**

Morimoto seeks dismissal of the claims against him because (1) the pleading documents fail to comply with the applicable Federal Rules of Civil Procedure;

4

(2) Kriege fails to state claims under Sections 1981, 1983, or 1985(3); and (3) any valid claims are nonetheless barred by the applicable statutes of limitations. *See* Mem. in Supp. at 2, Dkt. No. 80-1. Kriege filed a written opposition to the Motion, Dkt. No. 82, and was afforded the opportunity to present additional arguments at the hearing on March 8, 2018.[2]

## STANDARD OF REVIEW

The standard governing a Rule 12(c) motion for judgment on the pleadings is functionally identical to that governing a Rule 12(b)(6) motion. *United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A court evaluating a Rule 12(c) motion must construe factual allegations in a complaint in the light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Under Rule 12(c), "[j]udgment on the pleadings is properly granted when, accepting all factual

---

[2]At the March 8, 2018 hearing, the Court struck Kriege's impermissible sur-reply, entitled Affidavit Governing Statute of Limitations, filed on February 26, 2018, Dkt. No. 84, because Kriege did not obtain leave of Court to file any supplemental brief, in contravention of the Court's local rules of practice. *See* Local Rule 7.4 ("Any opposition or reply that is untimely filed may be disregarded by the court or stricken from the record. No further or supplemental briefing shall be submitted without leave of court.").

allegations as true, there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Fleming*, 581 F.3d at 925); *see also Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011).

Because Kriege is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

## **DISCUSSION**

As discussed below, even liberally construed, the Complaint and accompanying documents fail to allege any discernable basis for judicial relief against Morimoto. Assuming the truth of the factual allegations in the collective pleading documents, Kriege fails to allege sufficient factual matter to state plausible

6

claims for relief under Sections 1981, 1983, and 1985(3). Nor does he plead plausible causes of action sounding in fraud with the required particularity. Because the allegations fail to satisfy Federal Rules of Civil Procedure 8 and 9(b), the Complaint is dismissed, with leave to amend by no later than April 9, 2018.

I. **The Complaint Fails to State a Claim and Is Dismissed**

The Complaint asserts claims for "fraud and embezzlement; civil rights injury of equal protection; failure of duty to protect; conspiracy to defraud and injury; [and] loss of personal property," Compl. at 2, and seeks $1,075,000.00 in damages, *id.* at 25. Kriege disagrees with the State investigators' finding that Iron Horse violated no state licensing laws in response to the complaint he filed with the State agency, and refuses to accept the legitimacy of those conclusions. He instead alleges a conspiracy between the State and Iron Horse in violation of his federal civil rights, without any specific factual elaboration supporting the theory. Even given a liberal construction, Kriege's allegations fail to present plausible claims for relief or state with particularity the circumstances constituting fraud. Collectively, the Complaint, Notice of Intent, and Affidavit, do not provide sufficient factual content to enable the Court to draw the reasonable inference that Morimoto—or any other Defendant—is liable for the misconduct alleged or that the allegations state cognizable legal claims.

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Kriege fails to meet this standard.

Kriege's claims against Morimoto appear to arise, in large part, from a June 21, 2013 letter, in which Morimoto informed Kriege that:

> The investigation based on your complaint against Iron Horse Towing & Recovery LLC for alleged unlicensed motor vehicle repair has been concluded.
>
> Through the course of our investigation we have been unable to secure evidence that [any] licensing violation has taken place in relation to your complaint.
>
> Therefore, based on the information submitted and the information we have obtained, and the lack of evidence to support a violation we will be inactivating this case.

Kriege Aff., Ex. H (6/21/13 Letter), Dkt. No. 3-8. Kriege contends that the State investigators "filed, signed, and authorized by authority that [Plaintiff's] complaint secured or revealed, no evidence of any fraud or licensing violations had occurred (lied, again), by deceit and complete failure to disclose or act on the real facts, then received benefits and favors by collusion with each other, disgraced yoursel[ve]s, prepare for a bright light." Notice of Intent at 6. Despite the bare allegations of "favors" and "collusion," however, the Complaint is devoid of further factual enhancement.

Kriege elaborates on these legal conclusions in his Affidavit, declaring that the State investigators, including Morimoto:

> Did not regulate the industry with respect to [Plaintiff's] claim.
>
> Failed by moral conduct to protect [Plaintiff's] claim though bound by duty and law to do so.

9

> Filed as truthful legally factual report and determinations with the knowledge and intent to deprive and injury [Plaintiff's] claim for protection.
>
> With malice and indifference failed and did withhold and conceal the evidence and facts they knew would effect the outcome of [Plaintiff's] claim.

Aff. in Supp. of Compl. at 7.

The allegations in the Complaint and supporting documents suffer from several deficiencies. First, the Complaint fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). In his multiple, repetitive, hand-written, initiating documents—the Complaint, Notice of Intent, and Affidavit with supporting exhibits—Kriege does not clearly identify the separate causes of action that he is asserting against each Defendant, nor does he coherently provide specific factual allegations to support his legal conclusions. Even applying the most liberal pleading standard, the Court cannot discern from the multiple documents the specific conduct on which any claim is based, other than Kriege's dissatisfaction with the results of the prior State agency investigation and his related

conspiracy theory involving the Iron Horse Defendants and various non-parties. To the extent he attempts to assert a claim for breach of a "duty of protection" against Morimoto, Hawaii courts have yet to recognize such a duty in the context of a state regulator closing an administrative complaint, and Kriege fails to state a tort claim against any Defendant based on these allegations.

Second, insofar as he seeks damages for violations of his federal constitutional rights, Kriege fails to satisfy the pleading requirements to state a claim under 42 U.S.C. §§ 1981, 1983, and 1985(3). Section 1981 prohibits racial discrimination by private parties or through state action with respect to the making and enforcing of contracts as well as the exercise of other rights under the law.[3] To state a claim under Section 1981, a plaintiff must allege that he or she suffered intentional discrimination based on race. *Martin v. Ampco Sys. Parking*, 2013 WL 5781311, at *14 (D. Haw. Oct. 24, 2013) (citing *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1487 (9th Cir. 1995)); *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985). In order to state a Section 1983 claim,[4] a plaintiff must

---

[3]Section 1981 provides, in part, that "all persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a). "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); *see also Kaulia v. Cty. of Maui, Dep't of Pub. Works & Waste Mgmt.*, 504 F. Supp. 2d 969, 980 (D. Haw. 2007).
[4]Under 42 U.S.C. § 1983,

11

allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a Section 1983 claim for violation of the Equal Protection Clause, a plaintiff must "show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). And to state a claim under Section 1985(3), a plaintiff must allege a conspiracy motivated by race or class-based discriminatory animus. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993); *see Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985). Here, the various pleading documents fail to allege any *facts* demonstrating discriminatory intent on the basis of race (or any other protected class) by Morimoto or that his conduct was motivated by race.[5] Additionally, although pro se pleadings are liberally construed, a plaintiff

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

[5]Although Kriege does not allege the race of any party in the Complaint, his opposition to Morimoto's Motion explains that he "honestly contends of racially held, willfully inflicted, racial motivations (Haole)." Mem. in Opp'n at 6, Dkt. No. 6. Presumably, Kriege argues, without precision, that Defendants harbored race-based animus against him based upon his apparent or perceived Caucasian race. *See, e.g.*, *Kaulia v. Cty. of Maui, Dep't of Pub. Works & Waste Mgmt.*, 504 F. Supp. 2d 969, 975 n.9 (D. Haw. 2007) (noting that "'Haole' means 'foreign' or 'foreigner' in Hawaiian," and its modern usage "refer[s]—either descriptively or derisively—to Caucasians"). He does not allege the race of any Defendant, or allege facts demonstrating that he was treated

must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the Complaint fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is *legally required to do* that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis added). Kriege fails to allege facts satisfying this requirement. Nor do his claims that Defendants breached a "duty of protection" identify any violation of his federal civil rights. Accordingly, any Section 1983 and related Section 1985(3) conspiracy claims are deficient. For all of these reasons, the Court finds that Plaintiff has failed to state a claim pursuant to Sections 1981, 1983, or 1985(3) against Morimoto or any other Defendant.

Third, Kriege's claims for fraud and concealment fail to satisfy the requirements of Federal Rule of Civil Procedure 9(b). Based on the totality of the allegations, the Complaint falls short of alleging facts necessary to support the

---

differently due to his race. Without more, this argument made in opposition is not sufficient to state a claim for violation of the civil rights laws.

elements of a claim for fraud or fraudulent misrepresentation, with the specificity required. In Hawai'i—

> Fraud and fraudulent misrepresentation share the same elements. *Compare Fisher v. Grove Farm Co*., 123 Haw. 82, 103, 230 P.3d 382, 403 (Haw. Ct. App. 2009) (stating the elements of a fraud claim) *with Ass'n of Apartment Owners*, 115 Haw. at 263, 167 P.3d at 256 (stating the elements of a fraudulent misrepresentation claim). Like fraudulent misrepresentation, the elements of fraud are "1) false representations made by the defendant, 2) with knowledge of their falsity (or without knowledge of their truth or falsity), 3) in contemplation of plaintiff's reliance upon them, and 4) plaintiff's detrimental reliance." *Fisher*, 123 Haw. at 103, 230 P.3d at 403.

*Prim Liab. Co. v. Pace-O-Matic, Inc*., 2012 WL 263116, at *8 (D. Haw. Jan. 30, 2012). Although the Complaint generally asserts that Defendants defrauded Plaintiff by concealing facts and presenting false conclusions, the Complaint fails to identify what particular misrepresentations were made and/or omitted, whether and how Kriege relied upon those misrepresentations or omissions, who made those particular representations and/or omissions, and how they were false.

These deficiencies are significant because Rule 9(b) imposes a heightened pleading standard on a party alleging fraud and requires the party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by the 'who, what, when, where and how' of the misconduct charged." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) "demands that, when averments of fraud are made, the

14

circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted). Fraud claims, "in addition to pleading with particularity, also must plead plausible allegations. That is, the pleadings must state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'" *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 566 (2007)).

Even if this Court liberally construes the pleadings as alleging that Morimoto fraudulently attempted to conceal improper conduct by Iron Horse, the Complaint does not allege when or how each Defendant engaged in the specific fraudulent conduct, including how they furthered the scheme to defraud. When there are multiple defendants—

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (alterations in *Swartz*) (internal quotation marks and citations omitted); *see also Meridian Project Sys., Inc. v. Hardin Constr. Co.*, 404 F. Supp. 2d 1214, 1226 (E.D. Cal. 2005) ("When fraud claims involve multiple defendants, the complaint must satisfy Rule 9(b) particularity requirements for each defendant.") (citations omitted). In short, the current factual allegations supporting any claims sounding in fraud do not meet the heightened pleading standard for a fraud claim. Because it might be possible to cure these defects, Kriege is granted leave to amend such claims.

Finally, to the extent he complains of acts that were the subject of prior State agency adjudications or state or federal judicial proceedings, those claims or issues that were previously decided by a competent tribunal may be barred by the doctrines of *res judicata* and/or collateral estoppel (or "claim preclusion" and "issue preclusion").[6] Because the Court cannot determine with any certainty whether Kriege has actually raised these claims or issues, and whether any body has entered a final judgment on the merits, it is not clear whether either of these doctrines presently bars any portion of Kriege's allegations. Kriege is cautioned, however,

---

[6] "[C]laim preclusion prevents a party from relitigating not only issues which were actually litigated in a prior action, but also all grounds of claim and defense which might have been properly litigated in the prior action." *Hanson v. Palehua Cmty. Ass'n*, 2013 WL 1751504, at *7 (D. Haw. Apr. 23, 2013), *aff'd*, 599 F. App'x 299 (9th Cir. 2015) (citations omitted). "[I]ssue preclusion similarly prevents a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *Id.* (citation omitted).

16

that these doctrines may operate to bar any claims or issues that were decided or could have been decided in his prior cases. *See, e.g.*, *Olson v. Morris*, 188 F.3d 1083, 1087 (9th Cir. 1999) (*res judicata* precludes a collateral attack of a final administrative decision under Section 1983). Moreover, to the extent he is unsatisfied with the outcome of his State court cases, he may not seek appellate review in federal court based on the decisionmaker's alleged "bias," but must appeal those matters in state court.[7]

In sum, because Kriege fails to state a plausible claim for relief or satisfy the applicable pleading requirements, Morimoto's Motion is GRANTED, and the Complaint is DISMISSED. Because amendment *may* be possible, Kriege is granted leave to attempt to cure the deficiencies noted in this Order, with instructions below.[8]

---

[7] Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina,* 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Although not entirely clear, to the extent Plaintiff contests such judgments, such challenges must be made through the state court appellate process. Kriege may neither collaterally attack nor seek to relitigate such determinations in this Court.

[8] Morimoto also moves to dismiss the Section 1983 and any negligence and/or "duty" claims due to the running of the two-year statute of limitations because Kriege did not file suit until June 17, 2016, over three years after Morimoto's June 21, 2013 letter closing the investigation. *See Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (applying the forum state's statute of limitations for personal injury actions to claims brought under 42 U.S.C.

## II. Limited Leave to Amend Is Granted

The Complaint is dismissed without prejudice, and Kriege is granted leave to amend to attempt to cure the deficiencies identified above. To be clear, Kriege may not add new or different claims or parties or re-allege claims against previously dismissed parties. If Plaintiff chooses to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii.

Kriege must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right;

---

§§ 1983 and 1985); *Linville v. Hawaii*, 874 F. Supp. 1095, 1104 (D. Haw. 1994) (the Hawaii statute of limitations for personal-injury actions is two years under Haw. Rev. Stat. § 657-7); *but see also Turner v. Dep't of Educ. Hawaii*, 855 F. Supp. 2d 1155, 1172 (D. Haw. 2012) (noting that the statute of limitations for a cause of action brought under Section 1981, as amended by the Civil Rights Act of 1991, is governed by the four-year statute of limitations set forth in 28 U.S.C. § 1658(a) rather than by the personal injury statute of limitations of the forum state) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004)). Under the circumstances, however, the Court cannot conclude that the running of the statute of limitations is apparent from the face of the Complaint. That is because the Court cannot determine, on the current record, the date that Kriege's federal and state claims accrued or whether equitable tolling may apply. *See, e.g.*, *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) ("A statute of limitations under § 1983 . . . begins to run when the cause of action accrues, which is when the plaintiffs know or have reason to know of the injury that is the basis of their action."); *see also Assoc. of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc.*, 115 Hawai'i 232, 270, 167 P.3d 225, 277 (2007) (under HRS § 657-7, "a claim accrues when the plaintiff discovers, or through the use of reasonable diligence should have discovered[,]" the cause of action). In his Affidavit accompanying the Complaint, Kriege avers that "the basis of this claim rests upon the full discovery of fraud on 12/8/15. That it was then upon first learning of the fraud that this present claim was filed as promptly as possible." Aff. in Supp. of Compl. at 8, Dkt. No. 3. Accordingly, the Court denies without prejudice Morimoto's Motion with respect to the statute of limitations at this time.

(4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Kriege fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the prior complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Kriege may include only one claim per count. Failure to file an amended complaint by **April 9, 2018** may result in the automatic dismissal of this action without prejudice.

# CONCLUSION

For the foregoing reasons, Morimoto's Motion is GRANTED. Dkt. No. 80. The Court grants Kriege limited leave to file an amended complaint in accordance with the terms of this Order by **April 9, 2018**. He may not add new claims or parties, or re-allege claims against previously dismissed parties. The Court CAUTIONS Kriege that failure to file an amended complaint by **April 9, 2018** may result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: March 12, 2018 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

*Kriege v. Morimoto et al.*, CV. NO. 16-00324 DKW-KJM; **ORDER GRANTING DEFENDANT GREGG N. MORIMOTO'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND**