IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PHILLIP B. KRIEGE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII CONSUMER PROTECTION DIVISION, *et al.*,<br><br>Defendant. | Case No. 16-cv-00324-DKW-KJM<br><br>**ORDER DENYING AFFIDAVIT TO PROCEED** |

On April 30, 2018, the Court dismissed this action without prejudice after pro se Plaintiff Phillip B. Kriege failed to respond to or comply with prior orders of the Court. Dkt. No. 89. Over seven months later, Kriege, who still appears to be proceeding pro se, filed an "Affidavit to Proceed." Dkt. No. 91. Because Kriege is proceeding pro se, the Court liberally construes his Affidavit to Proceed as a motion for reconsideration of the dismissal of this action. In that light, the Affidavit to Proceed is DENIED because Kriege provides no explanation for why dismissal of this action should be reconsidered.

## **PROCEDURAL BACKGROUND**

The procedural background of this action is set forth in the Court's Orders of July 3, 2017 and March 12, 2018. Dkt. Nos. 61, 86. For present purposes, the Court refers to the March 12, 2018 Order. Therein, the Court granted Defendant Gregg N. Morimoto's motion for judgment on the pleadings, but granted Kriege limited leave to file an amended complaint by April 9, 2018. Dkt. No. 86.

On April 9, 2018, rather than filing an amended complaint, Kriege filed a "Notice to Vacate Action and Estoppel." Dkt. No. 87. Although it appeared that Kriege may have wanted to voluntarily dismiss this action, because the Notice to Vacate Action and Estoppel was not clear in that regard, the Court instructed Kriege to file a notice by April 25, 2018, stating whether he intended to voluntarily dismiss this action or, alternatively, proceed by filing an amended complaint in accordance with the March 12, 2018 Order. Dkt. No. 88. The Court also forewarned Kriege that if he did not file a notice by April 25, 2018, the Court intended to dismiss this action without prejudice.

After April 25, 2018 came and went with no word from Kriege, on April 30, 2018, the Court dismissed this action without prejudice due to Kriege's failure to respond to or comply with prior orders of the Court. Dkt. No. 89. Judgment

was entered the same day.  Dkt. No. 90.  Nothing occurred in this action thereafter until the filing of the instant Affidavit to Proceed on December 18, 2018.

## LEGAL STANDARD

As explained earlier, because Kriege is proceeding pro se, and in light of the procedural posture of this dismissed action, the Court construes the Affidavit to Proceed as a motion for reconsideration.  A motion for reconsideration filed more than 28 days after the entry of judgment is construed under Rule 60(b) of the Federal Rules of Civil Procedure.  *See* Fed.R.Civ.P. 59(e), 60(c); *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986).

Pursuant to Rule 60(b), a court may relieve a party from a final judgment or order due to, *inter alia*, mistake, newly discovered evidence, fraud, the judgment being void or satisfied, or any other reason that justifies relief.  Fed.R.Civ.P. 60(b)(1)-(6).  A Rule 60(b) motion must be filed within a reasonable time. Fed.R.Civ.P. 60(c)(1).

## DISCUSSION

In the Affidavit to Proceed, Kriege provides no explanation for why he should be relieved from the order dismissing this action without prejudice. Notably, Kriege provides no explanation for why he failed to file an amended complaint in compliance with the March 12, 2018 Order or why he failed to file a

3

timely notice informing the Court as to whether he intended to voluntarily dismiss or proceed with this action in compliance with the April 10, 2018 Order. Moreover, although the Affidavit to *Proceed* appears to be a very belated attempt by Kriege to now inform that he wishes to proceed with this action, Kriege has still not filed an amended complaint in an attempt to correct the numerous deficiencies the Court found existed with his allegations in the March 12, 2018 Order.[1] As a result, the Court finds that Rule 60(b)(6) relief is not warranted here. *See Cmty. Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) ("We have held that a party merits relief under Rule 60(b)(6) if he demonstrates extraordinary circumstances which have prevented or rendered him unable to prosecute his case.") (quotation and alteration omitted).

Moreover, liberally construing the assertions Kriege makes in the Affidavit to Proceed, he arguably contends that the Court was mistaken in dismissing this action. But Kriege points to no specific mistake and, even if he did, he does not explain why the purported mistake is, in fact, a mistake of law or fact.[2] Next,

---

[1] If anything, in the Affidavit to Proceed, Kriege appears to believe that his claims do not need to be amended, given that he asserts that the defendants remain liable to him.

[2] The closest Kriege gets in this regard is in asserting that there has been no attempt to answer the complaint. Of course, this argument may relate to the fact that certain defendants were never served and were thus dismissed for lack of service. Regardless, Kriege still provides no explanation for either why he has waited so long to challenge those dismissals or why the dismissals were wrong.

Kriege makes no attempt to claim that the Affidavit to Proceed is premised upon newly discovered evidence.[3] Although various exhibits are attached to the Affidavit to Proceed, they are documents that are already in the record of this action. Next, fraud and/or misconduct appears to be the main thrust of the Affidavit to Proceed. Unfortunately, the fraud and/or misconduct to which Kriege alludes is purported misconduct of this Court, not of Defendants. Contrary to Kriege's assertions, the Court has not blocked his access to justice. Instead, the Court has provided Kriege with the fullest opportunity to litigate his claims. The fact that this action has been dismissed is simply the result of Kriege's own conduct or lack thereof. Next, again, although arguably Kriege's assertions could be construed as suggesting the Judgment in this case is void, he does not make any reasoned explanation as to why that is so. Therefore, the Court does not further address this reason. Finally, Kriege does not attempt to suggest, and there would be no basis to find even if he did, that the Judgment in this case has been satisfied or applying it prospectively would no longer be equitable. As a result, the Court

---

[3] A party moving under Rule 60(b)(2) must show that the evidence relied upon "(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990).

finds that none of the reasons set forth in Rule 60(b)(1)-(5) is applicable here, and thus, relief under Rule 60(b) is not warranted.

## **CONCLUSION**

For the foregoing reasons, the Affidavit to Proceed, Dkt. No. 91, is DENIED.

IT IS SO ORDERED.

Dated: January 8, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Phillip B. Kriege v. State of Hawaii Consumer Protection Division, et al.;*
Civil No. 16-00324 DKW KJM; **ORDER DENYING AFFIDAVIT TO PROCEED**